Oh, on the last case, why don't counsel provide, within a week, a submission responsive to Judge Stull's question and my question, maybe limited to five double-spaced pages each? Is that workable? Thank you. Okay, our next case this morning is number 17, 2242 Ericsson Inc. v. Intellectual Ventures, Mr. Lowes. Good morning, Your Honor. This case involves the issue of the proper construction of transmitting a broadcast channel in a core band as found in Claims 8 and 18 of the 431 patent. The primary area we should look to first is the claims themselves, and that's the issue that's really before us. The board didn't really consider the claims and the distinction between in a core band, and then later, when they were talking about a different element of the claim, they used a more narrow specification being the preamble is confined within the core band. And here the board adopted that same definition of confined within the core band with respect to the broadcast channel simply being in a core band. The board actually believed that you waived this argument because you never said you disagreed with the board or agreed with the board. All you did was make it clear that you didn't like the complicated construction that was proposed by the other side. And we disagree with that characterization. In our reply brief, we said that our arguments were the plain and ordinary meaning consistent with the board's institution decision, and we said that the limitations proposed by IB unduly limit the claim, and that we argued for plain and ordinary meaning, which was the construction of the board. But you said that there was no need for any construction. Right. Right. Just, it's plainly understood. Something can be in. We don't need to construe the word in. In, for example, looking to the definition submitted by Intellectual Ventures, I think at 1751, they use the in the water. If I take my finger and I put it, just the tip of it, in the water, my finger's in the water. I could dump my finger in there and it'd be completely in. In by itself doesn't tell you how much or the extent. It depends on the context, doesn't it? I mean, because if I said the chair is in the house, most people are going to think that means it's actually in the house. But if I said a creek is in the yard, that could be, of course, the creek is going to be outside of the yard as well as inside the yard, or it wouldn't be a creek, depending on the size of the yard. But anyway, doesn't it really depend on the context what in means? And here, there was some context that was provided by some extrinsic evidence, at least, that seems to have been unrebutted. It can depend, it certainly depends on the context of use in the specification. And with respect to that expert testimony, that was very limited. Isn't the whole point of the invention to have this information in the core band? No, Your Honor. There are two examples of this broadcast channel, and the expert only considered one. IB admits in their brief, I believe it's page 58, that the expert, or probably brief 48, they freely admit that while Dr. Zier was aware of the second embodiment, he chose not to consider it because he didn't think it was relevant to claim construction. Well, the second embodiment is exactly that. It's a broadcast channel that includes the primary preamble confined within the core band, but the rest of the broadcast channel includes additional bands that are sent to all the users of the broadcast. But that's not what we're talking about in terms of the claims that are issued here, are we? Yes, it is, Your Honor. The fact that there might be another way to have some aspects in the core band and other aspects not doesn't change the fact that the claim says, in the core band. The patentee knew how to be specific, and if they wanted it to be confined within the core band, that's what they said. That's the public notice that they gave us, that the primary preamble is confined within the core band. As to the broadcast channel, it's just simply a part of it needs to be in the core band. So a broadcast channel in a core band. It's not later described in the patent at all as being more limiting. Help me understand what the purpose of the invention is here. This is complex technology. I'm not sure that I fully understand it, but I read the thing, and it seems to me as though the idea is let's put this critical information in the core band so it can be received by what, all cellular phones? So you have to imagine that there are multiple cellular phones communicating with a base station. The example that the expert used was just one of those, a new phone coming in and just looking at this core band. The other phones are already in communication. They look at the full bandwidth. So the transmissions of the base station, which is what this claim is about, has nothing to do with mobile devices. It's about the base stations and what they transmit. So the transmitter is transmitting a broadcast channel to all users. It's just what is that mobile device using? And in this context, this new mobile device is using just that core band to recognize, okay, what is the maximum bandwidth that all the other devices are using? There's additional information transmitted with that that's sent to all users. And that's explained in column 5, 51 to 55, where it says the formation of the full bandwidth preamble, the FP, by adding the auxiliary preamble, allows a base station to broadcast the full bandwidth preamble. So again, it's broadcasting it, meaning going to all users, and a mobile station to use the corresponding primary preamble to access the base station. Is the issue here with the primary preamble has to be entirely within the core band? Yes, that's still within here because it's shown in Figure 8C. I'm not understanding your answer. Is the issue here whether the primary preamble has to be entirely within the core band? No, Your Honor. The issue here is whether the broadcast, what's broadcast to all users, has to be solely within the core band, or if only a part of that broadcast needs to be in the core band. In here, it's clear that that broadcast... I thought that maybe I'm misunderstanding. I thought that the point of the invention here was that there's certain critical information that's put entirely within the core band, but that there can be other information which could be within other broadcast bands. Am I misunderstanding? You're slightly misunderstanding. The information that's necessary for the initial startup of a device coming into the network is placed in that narrow band. But other information that all the devices already there are using, which is also control information, allows each of the mobile devices to communicate. Are you interpreting broadcast channel to be broader than you think the board interpreted it to be? No, I think broadcast channel is understood to be the signals using the channels that are actually sent to all the users. So if we look to the specification... So it would include all the information sent to the users? Yes. That's broadcast, meaning it's intended for all the users as opposed to going to a specific user. But you didn't ask for construction of broadcast channel. No. So how do you interpret broadcast channel as used in Claims 8 and 18? It's the signals that are broadcast to the users. And the example, broadcast channel is not used in the specification. Transmitting a broadcast channel is not in the written specification. The only disclosure here of actual broadcasting is with respect to the full bandwidth preamble, which includes all the bands plus the essential preamble or primary preamble that's in that core band. Do you agree that the preamble has to be entirely within the core band? Yes, Your Honor. It's explicit in the claim that the primary preamble is confined within the core band. That's how the patentee meant to be specific. When they use the word in, it's broad and general. It can have lots of connotations. It can be partially in or completely in the core band. How do you respond to Dr. Ziegler's testimony that a person of ordinary skill in the art would understand that any part of the broadcast channel not transmitted within the core band is necessarily transmitted within a side band and that that's inconsistent with the invention? Do you think he has a different understanding of what any part of the broadcast channel is? Is he interpreting that just to be the essential preamble? I think he intentionally chose just not to look at the embodiment that literally describes what he said wasn't there, which is that the information is broadcast. The preamble, it's called the full bandwidth preamble, is broadcast. It includes the primary preamble plus the auxiliary preamble. So he just didn't address that embodiment at all. The information in the core band would be sent before the information in the side bands, and so it would all have to be within the core band in order to operate correctly. I think that's what he was saying. But that is inconsistent with the specification. So that testimony, the specification, that information is all sent together. Now, the first device that's new may only use the core band, but the other devices that are already there will use the information in the full band. But do you agree that a broadcast channel can be limited? It could have been limited if they had said confined within the core band. Well, we'll get to the within in, but you agree that a broadcast channel can be different from, say, every other broadcast channel. There can be different kinds of broadcast channels. Yes, Your Honor, there can be different kinds of channels, yes. So then if they're using the phrase a broadcast channel and then they say confined in the core band, your next argument is within and in are different concepts. But isn't it true that everybody used the two interchangeably during the entirety of these proceedings? Not really, certainly not intentionally. Within the specification itself, there is no disclosure of transmission in something or transmitting in. That term is not used. In discussing the prior art, there were certainly discussions about whether broadcast channels are in or within the core band or the narrow band as it's used in the prior art. The board emphasized that Erickson didn't rebut Dr. Zeger's testimony. Why was there no contrary expert testimony provided? Our expert rebutted his factual testimony relating to the references themselves, but his testimony concerning claim construction, he didn't consider the claims themselves. He didn't even consider this difference between confined within and in. You talked about how the invention, having something, having part of the broadcast not be in the core band would frustrate the purpose of the patent. Why was that not responded to? It just wasn't at that time. It is now with respect to the second embodiment, which is the full broadcast preamble. What do you understand him to have been saying when he said it would frustrate the purpose of the patent not to have all the information in the core band? I'm not exactly sure because he was referencing the other embodiment, which says all the information is in the primary preamble. Would you agree that it would frustrate the purpose of the patent not to have the preamble within the core band? Yes, because the new device entering the network would not be able to know how to transition to the full bandwidth, which is what's being transmitted by the base station. Again, these claims are not about the mobile devices, as Dr. Zeger was talking about. What's the information that's not in the preamble that's being transmitted? It's other signals that are for synchronization or other aspects that the other users need to maintain their communication sessions. So they're in there, you're having a phone call, they need to continue to stay synced up with the base station. The preamble alone is a broadcast channel, is it not? It can be transmitted in a broadcast channel. The preamble itself is really the information. Right. Do any of the claims that depend from Claim 8 or Claim 8 refer to the side bands, or is it all talking about the core band? They're all referring to the core band. They don't refer to the side bands, I don't believe. So there's no reference to side bands, so that doesn't seem to support the position that the claim contemplates that information would be anywhere but the core band. It certainly, the claim is broad enough to encompass that the full bandwidth preamble includes other information. Really, the broadcast channel is not the part of this invention. It's about the preambles and the preamble properties, and this preamble confined within a core band. The broadcast channel is just provided as a kind of a framework for describing what the base station is broadcasting. That is, it's broadcasting to all users. In the prior art, what does it show about the preamble being in the core band? Did the board read the prior art as suggesting that part of the preamble could be outside the core band? No, the preamble itself was in the core band in the VCH and FCH part of the Yamaura reference. There was concern that it was silent as to are there any other signals sent outside. And so on that basis, the board said, well, it's silent, we don't know what might be out there, and so found it didn't satisfy the claims. Okay. All right. We'll give you two minutes for the model. Yes. Thank you. May it please the court. This appeal is really about Erickson's 11th hour attempt to use a claim construction that it never before relied upon in the hopes of getting a third do-over with respect to these challenged claims. Let's skip the hyperbole for a moment and just help us with the technology, okay? Okay. So certainly the purpose of this invention is to have the preamble in the core band. Why is the purpose of the invention to have the rest of the signal information within the core band, which is, as I understand it, your contention, right? Yes. So at Appendix 1503 to 1504, that's where Dr. Zeger explains the purpose of the invention in light of the specification and his reading of it. But basically, the point of the invention is to improve communications for mobile stations that are moving or roaming in variable bandwidth environments. And so the patent describes the specific signaling and control methods that use the core band. So what the base stations are doing is they're putting the essential information into the core band and non-essential information in the side bands. And so as a result, the mobile stations, as they roam from various variable bandwidth systems to others, they can at least just look at the core band to reach a primary state and that core band has all of the essential information. And then once they reach this primary state of communications, they can transition to the full bandwidth operation. So in this context, your reference to a broadcast channel in the claims doesn't necessarily mean the entirety of everything that gets broadcast. It means a particular channel that has the essential or core information, not to use the word core twice. That is correct. I think one of the main assumptions that has been made by Erikson, and it really was never explored below, simply because this issue was never raised below, and that's part of the problem here, and that's why the board believed that there was waiver. But aside from that, there's an assumption that's being made without any expert testimony that there's only one broadcast channel. And because there's a full bandwidth embodiment that's described later in the specification in a part that their expert never touched, they're assuming that everything has to be broadcast together and therefore it has to be the full bandwidth. But here, if you look at the claim language, the claim language says a broadcast channel in the core band, in the OFDMA core band. So we're talking about a broadcast channel that's in the core band. That's not to say, and again, there's no evidence on this because this was never raised below, that doesn't mean that there can't be other broadcast channels that are in the side bands. It just, again, simply was not raised because this was an afterthought type argument by Erikson. So there was no abstraction of the term a broadcast channel? I'm sorry? The term a broadcast channel was not construed? No, it was really the whole phrase, you know, transmitting a broadcast channel in an OFDMA core band. But you agree with your friend on the other side that there can be different types of broadcast channels? Yes, although, again, there's no evidence of record, just attorney argument on that point. Is it accurate to say that claiming, for example, is only requiring that the preamble information be broadcast in the core band? The claim language at claims 8 and 18 talk about a primary preamble that, let me find the exact language here, I'm sorry. The core band is used to communicate a primary preamble sufficient to enable radio operations. So there's not really a tying of the primary preamble to the broadcast channel in that particular claim element. But, you know, as we're talking about it, yes, the primary preamble information does need to be broadcast at some point. That's the essential information. Does the language in the core band correlate to the primary preamble later in the claim? Is it clear that the broadcast channel that's in the core band includes the primary preamble? I think that the broadcast channel that's in the core band can include the primary preamble. They're not the same thing, though. So, again, a primary preamble is information, whereas a broadcast channel is simply a bunch of frequencies in which you're sending information. But is this claim saying that something more than the preamble is in the core band?  Is the claim saying that something more than the preamble is in the core band? The claim doesn't say either way. The claim is just talking about a broadcast channel in a core band, and the fact that a broadcast channel is in a core band does not mean that the primary preamble cannot also be within the core band. Erickson seems to be arguing that because primary preamble, the language says it's confined within a core band, means necessarily that the broadcast channel can't also be confined in the core band. I'm sorry, I'm not following what you're saying. If I understand correctly, there doesn't seem to be any dispute between the parties that the preamble has to be within the core band. That is true, the primary preamble. The primary preamble, and that that's true in the prior art as well, that the primary preamble is in the core band, right? Well, I mean, that was a dispute about the reading of the prior art, and obviously the board did not agree with Erickson's interpretation of the prior art. Well, as to the primary preamble being within the core band? About the primary preamble being within the core band? Well, again, that's not an issue that's on appeal here, because the only issue they were talking about was whether or not in Yamaura, the broadcast channel was transmitted in the core band. And so the discussion was whether or not in Yamaura, this BCH and FCH were only, those were, BCH and FCH were what they called broadcast channels, and it was whether or not the entire broadcast channel was in what they said was a core band, which was a narrow band that only had calling signals in it. So there wasn't a debate about Yamaura and what information ended up in the core band? Not as to this particular claim element. The primary preamble was a later element that was discussed, and there were several different pieces of prior art that Erickson was relying on there. But we do think, really, that... Did the board rule on this issue? The original question was, does the prior art teach the primary preamble being within a core band? In fact, did the board rule on that issue, even though it's not on appeal here? It's not on appeal because the board didn't need to reach any of those issues. The board found for IV here that Erickson failed to show that the Yamaura reference taught or disclosed transmitting a broadcast channel in the core band. And because of that, there was no need to reach the many other issues with regard to the petition that was filed. But again, we do believe that one of the primary issues here is this claim construction challenge is untimely, and it's waived, and certainly this... Setting that aside for a minute, what about the argument, which is a pretty good one, I think, about how the plain claim language demonstrates that they knew how to make sure the content had to be confined within the core band versus just in the core band? Because the claim talks about a frequency content confined within the core band, and that's narrower than in the core band. How do you respond to that? Because I know the specification also uses language like confined within. Yes, so we believe, and we provided evidence to the court, that in means within. So confined within, we do not believe, is any different than in with respect to when you're looking at the context of this invention and the point of the invention, the whole point is that the base station is trying to put information in a core band. And that doesn't mean partially in the core band and partially outside the core band. That's exactly what Dr. Zieger was talking about at Appendix 1503 and 1504. Dr. Zieger, in his unrebutted testimony, specifically pointed out, and I will say, I do want to point out one other thing because I think that counsel may have misspoken when talking about what Ivy said at page 48 of its brief. Dr. Zieger considered all of the embodiments that were disclosed in the specification, including the full bandwidth embodiment. Appendix 1497 is the portion of the Zieger declaration where he actually talks about the full bandwidth embodiment, or at least acknowledges that it exists. He then, in paragraph 57, which is at Appendix 1503 and 1504, provided unrebutted testimony that there is nothing in the specification that supports the board's preliminary construction. So, namely, nothing in the specification, including the full bandwidth embodiment, that supports the board's preliminary construction, that a broadcast channel can be part in and part out of the core band. So that was unrebutted. Erickson had every opportunity. So your view is that under this invention, while the preamble information has to be within the core band, other information also has to be within the core band? Well, in this particular claim, all it's saying... Yes, in this particular claim, does the other, is your contention that the other information being transmitted also must be within the core band? There is information that's, there's the essential information that's necessary for the mobile stations to reach the primary state. That has to be in the core band. That doesn't mean that there's not other information that can be transmitted elsewhere. And if you look at the second part... Where is that in the claim? The, where's... That this is information, essential information has to be in the core band as opposed to other things. Okay. The essential information language is not specifically in the claim. In, at Appendix 41, Column 5, Lines 8 to 18, that's the portion of the specification that Dr. Zeger was looking at, and really all of the experts were focused on that particular part of the specification. The language that talks about, okay, there's... The primary preamble is sufficient to enable basic radio operations, or to enable radio operations. That's basically the same thing as saying the essential information. It's what information is necessary for radio operations. Okay, so the problem is, you say that the essential information is the same as the preamble information. That has to be in the core band, which they apparently agree with. There's no dispute about that. So the question is, then, is it not? Whether in the prior art, this is also shown that the preamble information is within the core band, which I heard you say earlier was not an issue that was addressed by the board. Well, in the final written decision, again, the entire hearing and the main issue at the hearing was this broadcast channel in a core band. But is my statement incorrect? Is my statement incorrect? I mean, you all agree that the essential information, the preamble information, has to be within the core band. The question then becomes whether that feature, which is this invention, is shown in the prior art. And if I understand correctly from what you said earlier, the board did not address that particular question. Well, this is how I want to answer, Your Honor, to make sure, because there are a few ambiguous portions in the question. So first of all, I want to make it clear that it's not any preamble that is within the core band. It is the primary preamble as defined in the specification. So that's part one. I'll accept that. Okay, part two. At the oral hearing, what IV was able to establish is that the prior art showed calling signals in what they called the narrow band that they were equating with the core band, but there were other signals that are sort of unnamed. We don't know exactly all the types of signals, but we know that there were other signals that were transmitted outside of the Yamaura narrow band. Well, fine, but my question was, if this invention is having the essential information, the primary preamble information within the core band, then the question becomes, is that also shown in the prior art? And if I understand correctly, that that particular question was not resolved by the board. Well, the question that was resolved... Can I help you here? Isn't it really what the board was looking at is the broadcast channel that includes this essential information within the core band? Not necessarily does essential information end up in the core band, but is the particular broadcast channel that includes this information sent in the core band? Yes, except that the prior art that was relied upon only discussed sending calling signals in what they called the narrow band. Which is only part of the primary preamble information? Well, again, we're looking at this and assuming that the prior art can somehow be used to construe the claims and that's... No, no, no, no. Just answer my question. I mean, is that the argument that in the prior art it only shows part of the primary preamble information in the core band? No. The argument below was that... Your argument. Our argument below that the board agreed with was that Yamaura, what Erickson showed, was BCH, which was the broadcast channel, having calling signals in the narrow band, but there were... And Erickson took the position that there were no other signals in the broadcast channel other than the calling signals, but that turned out not to be true. That's what I.V. showed to the PTAB at the oral hearing. Well, what difference does it make that there are other signals? Because you said a few minutes ago that even under your invention there are other signals outside the core band. There can be other signals outside the core band. The problem is that doesn't mean that they're in the broadcast channel that's in the core band. So, again, it's kind of going to this assumption that if there are signals outside of the core band, that doesn't mean that there can't be another broadcast channel outside of the core band. It's just that was never argued by Erickson. Isn't that your point, that to the extent that there are other signals, those are sent by different broadcast channels? That is correct. Okay. And, in fact, if you look at what we talked about, for example, if we're looking at the full bandwidth preamble embodiment that Erickson relies on that wasn't raised below, dependent claim three specifically and expressly talks about a full bandwidth preamble, unlike claims eight and 18. And so, you know, obviously the case law shows that you don't have to read every single embodiment into every single claim. And certainly you don't have to read it into every single claim element. Because even, and we pointed this out as well, if you look at claims eight and 18, there's a second part. So the last portion of claim eight talks about circuitry configured to transmit control and data channels using a variable band. So that's the second part of the claim. That's not the part of the claim that we're discussing here with respect to a broadcast channel in a core band. Here they're talking about the variable band. The variable band is the core band with side bands. That's different. So, again, the point being that we don't have to read every single thing into the broadcast channel that's transmitted in a core band. Okay. I think we're out of time. Thank you, Ms. Mayer. Thank you. Mr. Lowes? Yes, Your Honor. If I could quickly address an area that there seemed to be some confusion on, and that is preamble. It's not like there's just one preamble. There are hundreds of preambles transmitted every minute. They just are constantly coming with every frame. And if we look to the patent, APX 40, column 3, line 52, the patent explains the downlink transmission in each frame begins with a downlink preamble, which can be the first or more symbols. And later it says the downlink preamble is used at the base station to broadcast radio network information such as synchronization and cell ID. So these preambles keep coming. So a device enters the network, it receives its very first preamble. It only is going to use what's in the core band because that's all it's listening to. All the other devices, 100 times a second, are looking at the full bandwidth, which is what's broadcast. What was different broadcast. It's absolutely the same broadcast. It just picks out the middle versus the rest of the preamble. How are we supposed to deal with this where it seems like part of the dispute here is over broadcast channel, with one party arguing that it's the full thing, is the broadcast channel, and one party saying they have a broadcast channel in the core band or a separate one in the side band? I think the specification is where to look. There is no discussion of more than one broadcast channel. But where the parties don't even bring this up before the board? They don't even bring up that there's a difference in opinion on how this should be interpreted? Why should we be interpreting it at this point? Obviously, it's part of the intrinsic record. It needs to be interpreted to understand the claims. No, no, no, look. Technology is complex as this. You can't ask us to take the claim language and the specification and simply understand how to construe the claims. You have an obligation to raise these issues before the board fully and to present expert testimony so that the thing can be understandable. What strikes me is that you didn't do what was necessary before the board. It seemed clear before the board that in, as compared to confined within, is broad. It's general. Well, that's a very simplistic argument, which, I mean, you can tell from our questions that we're interested. As Judge Stahl said, in can have different meanings depending on the context. We're trying to understand the context here. And you just haven't made your record about why the context supports your interpretation here. I understand that, Your Honor, but the reference is actually very clear. The 431 patent that says the full bandwidth preamble is broadcast. That is a broadcast channel. That is what is broadcast, and it includes the primary preamble in the core band and includes the other aspects that are broadcast, the side bands. It's all a broadcast channel because that's what's being broadcast. Those are the subcaries being used. Okay. Thank you, Mr. Othello. Thank you, counsel.